UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br><br>TORGOVY DOM<br><br>EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING | Case No. |

**EX PARTE APPLICATION OF TORGOVY DOM KATOIL OOO FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

**KURZON KOHEN LLP**
305 Broadway, FL 7
New York, NY 10007
Phone: 212-203-8918
www.Kurzon.com

*Attorneys for Applicant*
*Torgovy Dom*

**I.      INTRODUCTION**

Applicant Torgovy Dom KAToil OOO ("Torgovy Dom"),[1] by and through its undersigned counsel, Kurzon Kohen LLP, submits this Ex Parte Application for an Order to Obtain Discovery for Use in a Foreign Proceeding pursuant to 28 U.S.C. § 1782.[2]  The requested discovery is to be served on the following banks: Citibank, N.A ("Citibank"), JP Morgan Chase Bank, N.A. ("Chase"), Bank of New York Mellon, N.A. ("BNY"), Bank of America, N.A.("BOA"), and Wells Fargo Bank N.A. ("Wells Fargo") (collectively, "Respondent Banks"), as well as The Clearing House Payments Company L.L.C. ("CHIPS"), a privately owned system for electronic payments transferred and settled in US dollars for both cross-border and domestic transactions.  The Respondent Banks and CHIPS (collectively, "Respondents") each resides or is found in the Southern District of New York.

The requested discovery consists of six subpoenas (the "Subpoenas"), one for each Respondent, that seek the production of relevant documents in Respondents' possession, custody, and/or control.  The reasons for this discovery are set forth in this Application, the accompanying Memorandum of Law ("MOL"), and the Declarations of Jeffrey M. Kurzon, Esq. and Vladimir Pestrikov.  The Subpoenas and Proposed Order are attached to this Application as Exhibits A through G, respectively.

---

[1]      The English translation of "Torgovy Dom KAToil OOO" is Trading House KAToil LLC.
[2]      This Court routinely entertains ex parte applications pursuant to Section 1782.  *See, e.g.*, *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte."). This is because an opposing party may move to quash a subpoena issued pursuant to a Section 1782 application, thereby preserving its due process rights. *See id.* (collecting cases)

## II. JURISDICTION AND VENUE

Jurisdiction and venue are proper in this District pursuant to 28 U.S.C. § 1782, as this Application seeks documents that are in the possession, custody or control of Respondents that reside or are found within the Southern District of New York.

At all relevant times, Torgovy Dom was and is a company existing and operating under the laws of the Russian Federation.

## III. GENERAL FACTUAL BACKGROUND

The facts giving rise to this Application are set forth in detail in the concurrently filed Memorandum of Law, and the declarations of Jeffrey M. Kurzon, Esq. and Vladimir Pestrikov, as well as the exhibits thereto. The unlawful conduct at issue in the contemplated Foreign Proceeding can be briefly summarized as follows.

From 2009 to 2015, Torgovy Dom – a wholly owned subsidiary of C.A.T. oil AG ("CAToil"), a publicly traded Austrian company – served as the purchasing agent for CAToil's operating subsidiaries, which provided various services for oil and gas producing companies in the Russian Federation and Kazakhstan. Torgovy Dom purchased hundreds of millions of dollars of equipment and spare parts from various suppliers in the United States and Europe during this time period.

During this same time period, CAToil's Chief Operating Officer (Anna Brinkmann) and her son and head of CAToil's international procurement (Edward Brinkmann), misappropriated tens of millions of dollars from Torgovy Dom with the help of several executives in the Moscow representative office of CAToil, who were responsible for, among other things, supervising the operations of Torgovy Dom. One of these confederates was CAToil's Chief Financial Officer for Russia and the Commonwealth of Independent States, Victoria Sokolova ("Sokolova").

Ms. Sokolova was paid at least six million dollars in purported "bonuses" and "consulting fees" for her participation in this fraud, which moneys were deposited into her accounts managed by U.P.M. Limited ("UPM"), a company owned by Anna Brinkmann. In 2015, Sokolova transferred the six million dollars from her UPM-managed accounts at Hellenic Bank, Credit Suisse, and Bethmann Bank into her accounts at Eurobank Cyprus. Torgovy Dom is informed and believes that Sokolova then transferred all or a substantial portion of those moneys from Eurobank Cyprus to various other banks in Europe and the United States, using the correspondent accounts at the Respondent Banks and CHIPS. Accordingly, Torgovy Dom seeks the discovery at issue in this proceeding to trace and recover the moneys wrongfully misappropriated by Sokolova.

## IV.      CONTEMPLATED FOREIGN PROCEEDINGS

On October 12, 2020, Torgovy Dom sent a demand letter to Sokolova, outlining some of the wrongful conduct by Sokolova uncovered to date, and advising that Torgovy Dom would commence litigation against Sokolova in the Russian courts to recover the sums misappropriated by Sokolova unless the parties are able to informally resolve this dispute. Pestrikov Decl., Ex. 3.

However, to date, Sokolova has refused to return the stolen funds or to respond to Torgovy Dom's demand letter within the time frame provided. Accordingly, Torgovy Dom intends to file the Foreign Proceeding against Sokolova in the near future. Pestrikov Decl., ¶¶ 15-16.

Torgovy Dom seeks documents from the Respondent Banks and CHIPS, each of which resides in the United States and in this District, for use in that contemplated Foreign Proceeding before the courts of the Russian Federation, concerning Torgovy Dom's claims against Sokolova for, *inter alia*, breach of fiduciary duty, damages for civil tort, and unjust enrichment, arising out of the above-referenced wrongful conduct. The sought discovery is necessary to trace and recover the stolen funds.

## V. REQUEST FOR RELIEF

Torgovy Dom requests that this Court provide discovery assistance with respect to the contemplated Foreign Proceeding.

Torgovy Dom requests that the Respondent Banks and CHIPS, each of which resides or is found in the Southern District of New York, be directed to provide discovery, described below, for use in the Foreign Proceeding.

As more specifically described in the MOL, such assistance is appropriate here because: (i) Respondents each "resides" or is "found" in this District; (ii) Torgovy Dom is an "interested person" (as a party to the contemplated the Foreign Proceeding); (iii) the Foreign Proceeding is reasonably contemplated to be commenced in a court of the Russian Federation (a "foreign tribunal"), and the information obtained will be for use in and in support of the Foreign Proceeding; and (iv) the discovery sought consists of documentary evidence, as permitted by Section 1782. Further, the Application meets all of the discretionary requirements necessary to obtain discovery under Section 1782, as: (i) Respondents are not participants in the Foreign Proceeding; (ii) Torgovy Dom is not attempting to circumvent any requirements of foreign law by making this Application; (iii) Russian courts are receptive to this form of discovery; and (iv) the requested discovery is narrowly targeted and not unduly intrusive or burdensome.

There is also good cause to grant this Application *ex parte* for the reasons set forth in the accompanying MOL and declarations.

WHEREFORE, pursuant to 28 U.S.C. § 1782, Torgovy Dom requests that this Court enter an Order:

1. Authorizing Torgovy Dom to issue and serve the subpoena attached hereto as Exhibit A on Citibank, N.A, for the production of the documents requested in that subpoena.

2. Authorizing Torgovy Dom to issue and serve the subpoena attached hereto as Exhibit B on JP Morgan Chase Bank, N.A., for the production of the documents requested in that subpoena.

3. Authorizing Torgovy Dom to issue and serve the subpoena attached hereto as Exhibit C on Bank of New York Mellon, N.A., for the production of the documents requested in that subpoena.

4. Authorizing Torgovy Dom to issue and serve the subpoena attached hereto as Exhibit D on Bank of America, N.A., for the production of the documents requested in that subpoena.

5. Authorizing Torgovy Dom to issue and serve the subpoena attached hereto as Exhibit E on Wells Fargo Bank, N.A, for the production of the documents requested in that subpoena.

6. Authorizing Torgovy Dom to issue and serve the subpoena attached hereto as Exhibit F on The Clearing House Payments Company L.L.C., for the production of the documents requested in that subpoena.

7. Directing Respondent Banks and CHIPS to produce the documents requested in the Subpoenas within twenty-one (21) days of service of those respective Subpoenas, and as required under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York.

8. Directing Respondents to preserve documents and evidence, electronic or otherwise, in their possession, custody or control that contain information potentially relevant to the subject matter of Torgovy Dom's document requests in the Subpoenas.

9. Retaining jurisdiction over this matter for the purpose of enforcement and assessing any supplemental request for discovery assistance that may be requested by Torgovy Dom.

Dated:   November 27, 2020

        Respectfully Submitted,

        Kurzon Kohen LLP

        By: /s/ Jeffrey M. Kurzon_____
            Jeffrey Mead Kurzon, Esq.
            Bar No. JM3388
            Jeff@Kurzon.com

        **KURZON KOHEN LLP**
        305 Broadway, FL 7
        New York, NY 10007
        Phone: 212-203-8918
        www.Kurzon.com

        *Attorneys for Applicant*
        Torgovy Dom